IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYLVIA L. JIBSON, | ) <br> ) <br> ) Case No. 18 cv <br> ) <br> ) <br> Plaintiff ) Judge <br> ) <br> ) Magistrate: <br> V. ) <br> ) <br> THE NORTHEAST ILLINOIS REGIONAL COMMUTER ) Jury Trial Demand <br> RAILROAD CORPORATION d/b/a METRA, ) <br> ) <br> ) <br> Defendant. ) |

## COMPLAINT

COMES NOW, SYLVIA L. JIBSON, the Plaintiff, by and through her undersigned counsel and hereby files this Complaint for employment as an electrician foreman restoration, back pay, and compensatory damages against the above-named Defendant, THE NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA. Plaintiff alleges that Defendant has engaged in a pattern and practice of employment discrimination against her under color of law based on her sex and age, along with retaliation against her for her engagement in federally protected activity in violation of the Civil Rights Act of 1866, 42 U.S. C. § 1983, as amended (hereinafter "Section 1983"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

## JURISDICTION AND VENUE

1. Plaintiff is alleging violations of her civil rights under the federal statutes of Title VII; Section 1983 and ADEA.

2. Jurisdiction is specifically conferred on this Court pursuant to 28 U.S.C. § 1331 and §1343.

3. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) in that the employment practices alleged to be unlawful were committed within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 66-year-old African-American female currently employed by Defendant, METRA as an electrician.

5. Defendant, The Northeast Illinois Regional Commuter Railway Corporation d/b/a METRA, is a public corporation of the State of Illinois authorized by statute and created by Regional Transportation Authority ordinance in 1983.

## I. NATURE OF THE CLAIM

6. Plaintiff, JIBSON, seeks back pay, restoration to her Mechanical Foreman position or a comparable position in addition to compensatory damages stemming from her demotion on November 30, 2017 from the Mechanical Foreman position to her prior position as an Electrician.

7. Defendant deprived Plaintiff of rights accorded to her under the laws of the United States resulting from acts and/or omissions of the Defendant that constitute the following causes of actions: (a) sex discrimination; (b) age discrimination; (c) retaliation for engaging in protected activity; (d) disparate treatment, (e) intentional infliction of emotional harm, and (f) engaging in a pattern and practice of employment discrimination against her in violation of Section 1983; Title VII and ADEA.

8. Plaintiff filed Charge #440-2016-CR 3465 with the Chicago office of Illinois Department of Human Rights (the "IDHR") on March 3, 2016 (See **Exhibit A**, attached hereto.)

9. Plaintiff subsequently filed Charge # 440-2018-01433 with the Chicago office of the EEOC on February 7, 2018. (see **Exhibit B**, attached hereto.)

10. Plaintiff was granted a Right to Sue on May 17, 2018 which was received by counsel on May 19, 2018. (See **Exhibit C**, attached hereto.) The filing deadline is August 17, 2018. This action is timely filed.

## II. FACTUAL ALLEGATIONS OF DISCRIMINATION BY PLAINTIFF

11. Plaintiff was hired by Defendant on or about May 19, 2008 as an experienced, journeyman electrician in the Mechanical Department.

12. Plaintiff states that she applied unsuccessfully to several posted supervisory positions as well as a General Foreman position.

13. Plaintiff states that less tenured, less experienced and younger male employees were promoted into these positions.

14. Plaintiff registered her complaints with Metra EEO (Countess Cary) and the IBEW electricians' union, but ultimately concluded that she needed to file with the IDHR about her difficulty obtaining a promotion to which she felt more qualified than the candidates selected.

15. Plaintiff states that, as a result of her complaints, she began to be subjected to a pattern of harassing and condescending behavior by Art Olsen (white male), who at that time was

Director, Metra Rock Island District Mechanical (now retired), Plaintiff's immediate supervisor.

16. Plaintiff filed her IDHR Charge on March 3, 2016 alleging sex and age discrimination and lack of fair access to promotional opportunities.

17. In the midst of the IDHR Investigation, Plaintiff was promoted to Mechanical Foreman on August 19, 2017.

18. Plaintiff became only the second female Foreman joining a more senior, longer tenured bi-racial female.

19. Plaintiff states that soon after her promotion she was subjected to a heightened pattern of harassing and condescending behavior by Art Olsen.

20. Plaintiff states that she was denied the training for the new position typically offered to other newly promoted foremen, typically male. (See **Exhibit D**, attached hereto.)

21. Plaintiff states that she asked Olsen if he had been instrumental in her obtaining the promotion.

22. He indicated that he had not.

23. Plaintiff indicates that Olsen frequently criticized her job performance, but did not give instructions to other foremen to help acclimatize her to the new responsibilities.

24. Mr. Olsen called Plaintiff daily on her shift between 4:00 a.m. and 4:30 a.m. to get a work status and to be sure trains were ready to leave on time for the morning rush hour.

25. Plaintiff thought that he contrived issues, then required that she provide a written statement, before she left the job at 2:30 p.m., describing the matter and her perception of how it was, or perhaps should have been, handled.

26. When she sought to discuss work-related issues with Olsen, he often responded that he "didn't want to hear about it".

27. Plaintiff states that she strongly suspected that Olsen was unhappy with her promotion and would probably sabotage her successful completion of the 90-day probationary period given to a newly promoted foreman.

28. On September 19, 2017, Plaintiff gave a Laborer, Cornell Stampley, a written conference for his August 25, 2017 absenteeism.

29. On November 28, 2017 Plaintiff had additional performance issues with Stampley which she described in an email to Messrs. Olsen and Shawn Brown. (See **Exhibit E**, attached hereto.)

30. Mr. Stampley told her he would talk to Shawn Brown and she would be out of a job because she was causing him undue stress and he had already suffered one heart attack since working for Defendant.

31. When Plaintiff spoke to Mr. Olsen about her performance concerns about Mr. Stampley, he replied, "we'll take care of it".

32. The very next day, her 77th day of probation, on November 29, 2017 just as she surmised, she was demoted from her foreman position alleging she had performance deficiencies. (See **Exhibit F**, attached hereto.)

33. Her replacement was a significantly younger (late 30s or early 40s, she believes) less tenured (about 4 years with Defendant) and less experienced African-American female electrician who was carefully groomed and trained after her promotion to the new position in a way that Plaintiff had not been.

5

34. Plaintiff states that it was widely rumored among the other electricians that Plaintiff had been treated unfairly and sabotaged by Mr. Olsen in her position as a Mechanical Foreman.

35. Plaintiff believes that her replacement with another African-American female was only a thinly veiled effort to mask the truly retaliatory behavior of the Defendant.

36. Plaintiff felt her role as a manager was also being undercut by responding to the discipline of the male Laborer by removing her from a managerial position

37. The majority of the people she managed were younger males.

38. Plaintiff states that Defendant has only 2 women electricians in supervisory positions, including the woman who replaced her as a foreman.

39. Plaintiff therefore lags significantly behind in pay and promotional status from a number of less tenured, experienced, credentialed and younger male electricians and now a younger female Defendant electrician.

40. Plaintiff has observed a pattern of discriminatory action directed against other African-American electricians and believes that her advocacy on her own behalf has resulted in the targeted retaliatory behavior directed towards her, including the demotion with its reduction in pay.

41. Plaintiff has experienced a hostile, harassing and retaliatory work environment because of her complaints to the IDHR, EEOC, IBEW and Defendant EEO

### III. CLAIMS FOR RELIEF

### COUNT I

### SEX DISCRIMINATION /HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

42. Plaintiff adopts by reference and incorporates paragraphs 6 through 41 as if fully set forth herein.

43. That as an employer within the meaning of Title VII, the Defendant owed at all times a duty to Plaintiff not to harass and/or discriminate against her with respect to employment or other conditions or privileges of employment due to her gender.

44. Plaintiff is an African-American female over the age of 60 and is a member of 3 protected classes entitled to that protection afforded by Title VII.

45. At all times pertinent hereto, Plaintiff was an excellent and dedicated employee, as consistently evidenced by her performance reviews, highly proficient and in all respects acted in the best interests of her employer.

46. That the sex of the Plaintiff was not a term, requirement or condition of employment with Defendant, and Plaintiff's sex did not in any way affect her job performance.

47. That during Plaintiff's tenure of employment, she was victimized by the Defendant and/or its agents and employees in the following manner:

    a. Subjected to harassment and retaliation due to her sex, which was condoned by the Defendant and

    b. Subjected to a harassing, retaliatory and hostile employment environment.

48. That all of the aforesaid conduct was made known to and complained of to supervisory personnel of the Defendant herein by the Plaintiff.

49. That, despite said complaints, such conduct continued unfettered and no effort was made by management or agents of the Defendant, to curtail or otherwise curb and prevent such discriminatory conduct.

50. The conduct by the Defendant's employees had the purpose and/or effect of substantially interfering with the Plaintiff's employment and/or creating a hostile and offensive employment environment.

51. Defendant had both actual and constructive notice that its employees were creating a hostile and offensive work environment for the Plaintiff.

52. Despite having notice of the conduct of its employees and supervisory personnel toward the Plaintiff, Defendant failed to take any remedial action.

53. The conduct as set forth above by the Defendant's employees and their failure to take remedial action for years constitutes a continuing violation of Title VII.

54. As Plaintiff relayed to the EEOC in her Charge, she perceived that, as an older African-American female bringing complaints about the misconduct of Defendant she was being ignored and retaliated against by Defendant.

55. Defendant has not articulated any legitimate business reason to ignore Plaintiff's complaints.

## COUNT II

### SEX DISCRIMINATION/HARASSMENT IN VIOLATION OF 42 U.S.C. SECTION 1983

56. Plaintiff adopts by reference and incorporates paragraphs 6 through 41 as if fully set forth herein.

57. That as an employer within the meaning of 42 U.S.C. Section 1983, the Defendant owed at all times a duty to Plaintiff not to discriminate against her with respect to employment or other conditions or privileges of employment due to her age or gender.

58. Plaintiff is an African-American female over the age of 60 and is a member of 3 protected classes entitled to that protection afforded by Section 1983.

59. At all times pertinent hereto, Plaintiff was an excellent and dedicated employee, as consistently evidenced by her performance reviews, highly proficient and in all respects acted in the best interests of her employer.

60. That the sex of the Plaintiff was not a term, requirement or condition of employment with Defendant, and Plaintiff's sex did not in any way affect her job performance.

61. That during Plaintiff's tenure of employment, she was victimized by the Defendant and/or its agents and employees in the following manner:

      (a) Subjected to harassment and retaliation due to her sex, which was condoned by the Defendant and

      (b) Subjected to a harassing, retaliatory and hostile employment environment. That all of the aforesaid conduct was made known to and complained of to supervisory personnel of the Defendant herein by the Plaintiff.

      (c) That, despite said complaints, such conduct continued unfettered and no effort was made by management or agents the Defendant, to curtail or otherwise curb and prevent such discriminatory conduct.

(d) The conduct by the Defendant's employees had the purpose and/or effect of substantially interfering with the Plaintiff's employment and/or creating a hostile and offensive employment environment.

(e) Defendant had both actual and constructive notice that its employees were creating a hostile and offensive work environment for the Plaintiff.

(f) Despite having notice of the conduct of its employees and supervisory personnel toward the Plaintiff, Defendant failed to take any remedial action.

(g) The conduct as set forth above by the Defendant's employees and their failure to take remedial action for years violates Section 1983.

## COUNT III

### DISCRIMINATION IN VIOLATION OF ADEA

62. Plaintiff adopts by reference and incorporates paragraphs 6 through 41 as if fully set forth herein.

63. That as an employer within the meaning of the ADEA, the Defendant owed at all times a duty to Plaintiff not to harass and/or discriminate against her with respect to employment or other conditions or privileges of employment due to her age.

64. Plaintiff is an African-American female over the age of 60 and is a member of 3 protected classes entitled to that protection afforded by the ADEA.

65. At all times pertinent hereto, Plaintiff was an excellent and dedicated employee, as consistently evidenced by her performance reviews, highly proficient and in all respects acted in the best interests of her employer.

66. That the age of the Plaintiff was not a term, requirement or condition of employment with Defendant, and Plaintiff's sex and age did not in any way affect her job performance.

67. That during Plaintiff's tenure of employment, she was victimized by the Defendant and/or its agents and employees in the following manner:

    a. Subjected to harassment and retaliation due to her age, which was condoned by the Defendant and

    b. Subjected to a harassing, retaliatory and hostile employment environment.

68. That all of the aforesaid conduct was made known to and complained of to supervisory personnel of the Defendant herein by the Plaintiff.

69. That, despite said complaints, such conduct continued unfettered and no effort was made by management or agents of the Defendant, to curtail or otherwise curb and prevent such discriminatory conduct.

70. The conduct by the Defendant's employees had the purpose and/or effect of substantially interfering with the Plaintiff's employment and/or creating a hostile and offensive employment environment.

71. Defendant had both actual and constructive notice that its employees were creating a hostile and offensive work environment for the Plaintiff.

72. Despite having notice of the conduct of its employees and supervisory personnel toward the Plaintiff, Defendant failed to take any remedial action.

73. The conduct as set forth above by the Defendant's employees and their failure to take remedial action for years constitutes a continuing violation of the ADEA.

74. As Plaintiff relayed to the EEOC in her Charge, she perceived that, as an older African-American female bringing complaints about the misconduct of Defendant she was being ignored and retaliated against by Defendant.

75. Defendant has not articulated any legitimate business reason to ignore Plaintiff's complaints.

### RETALIATION IN VIOLATION OF TITLE VII

76. Plaintiff alleges retaliation by Defendant as Plaintiff adopts by reference and incorporates paragraphs 6 through 41 as if fully set forth herein.

77. As a result of her activities to secure her federally protected rights to protest against discriminatory treatment subject to Title VII safeguards, Defendant retaliated against her.

78. Plaintiff's complaints about Defendant's retaliatory behavior to Defendant EEO and the IBEW union hardened Defendant' adverse employment actions against her.

### COUNT IV
### RETALIATION IN VIOLATION OF SECTION 1983

79. Plaintiff alleges retaliation by Defendant as Plaintiff adopts by reference and incorporates paragraphs 6 through 41 as if fully set forth herein.

80. As a result of his activities to secure her federally protected rights to protest against discriminatory treatment subject to Section 1983 safeguards, Defendant retaliated against her.

**PRAYER FOR RELIEF**

81. As a result of Defendant's illegal acts, Plaintiff was deprived of her right to be free from discrimination in the workplace.

82. Plaintiff was seriously harmed, emotionally and financially, by Defendant's discriminatory behavior directed towards her.

83. The employment practices complained of above were discriminatory, intentional and malicious in violation of Title VII, Section 1983 and the ADEA.

84. The employment practices complained of above were discriminatory, intentional, malicious and performed under "color of law" by individuals in positions of power and authority in a governmental entity in violation of 42 U.S.C. § 1983, as amended.

WHEREFOR, Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendant as follows:

a. Declares that the treatment of Plaintiff by Defendant violated Title VII of the Civil Rights Act of 1964, as amended;

b. Declares that the acts, conduct, policies and practices of Defendant as applied to Plaintiff violated 42 U.S.C. § 1983, as amended;

c. Declares that the treatment of Plaintiff by Defendant violated the ADEA, as amended;

d. Direct Defendant to make Plaintiff whole by restoring her to the Mechanical Foreman or some comparable Foreman position.

e. Direct Defendant to provide appropriate earnings, benefits, and lost wages caused by Defendant's malicious and illegal behavior;

f. Award Plaintiff compensatory damages against the Defendant;

g. Award Plaintiff reasonable attorney's fees and costs, as provided by law; and

h. Award Plaintiff such other equitable, injunctive and any other relief that the Court deems just and equitable to end the discrimination, fairly compensate Plaintiff and deter future discriminatory acts.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all counts and claims raised by this Complaint.

Respectfully submitted,

August 16, 2018

 **/s/ Jill M. Willis**

Attorney for Plaintiff

Jill M. Willis, Esq.
ARDC#6187884
Law Office of Jill M. Willis
3628 South King Drive
Chicago, Illinois 60653
(847) 826-5284
jillwillis.law@gmail.com

# EXHIBITS

# **LIST OF EXHIBITS**

**A. IDHR CHARGE # 2016 CR 3465**

**B. EEOC CHARGE # 440-2018-01433**

**C. EEOC RIGHT TO SUE**

**D. IBEW LOCAL 134 GENERAL CHAIRMAN CORRESPONDENCE**

    **TO KEVIN McCANN, METRA CHIEF MECHANICAL OFFICER**

**E. EMAIL COMPLAINT TO ART OLSEN AND SHAWN BROWN**

    **RE CORNELL STAMPLEY PERFORMANCE ISSUES**

**F. TERMINATION OF PLAINTIFF**


## CERTIFICATE OF SERVICE

The undersigned Jill M. Willis certifies that on August 16, 2018, she caused to be served a copy of the foregoing **Plaintiff's Complaint**, in the above-captioned matter, to be filed with the Clerk of the United States District Court for the Northern District of Illinois and served on the parties of record, and on August 16, 2018 a copy of the **Plaintiff's Complaint**, in the above-captioned matter addressed to:

`

        James M. Derwinski
        Chief Executive Officer
        METRA
        547 West Jackson Blvd.
        Chicago, Illinois 60661

        **/s/ Jill M. Willis**

        **Attorney for Plaintiff**

Jill M. Willis, Esq.
ARDC #6187884
Law Office of Jill M. Willis
3628 South King Drive
Chicago, Illinois 60653
(847) 826-5284
jillwillis.law@gmail.com